ROYCE v. DELAWARE, L. & W. R. CO.

(Circuit Court of Appeals, Second Circuit. May 25, 1911.)

No. 275.

1. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

A rule of defendant railroad company required conductors to report at once to the superintendent any injury to or defects in engine or cars, but such rule was not observed; the report being made instead to the chief train dispatcher, who gave orders in place of the superintendent. A crosshead guide on one side of an engine was lost en route. The conductor reported the fact to the dispatcher, and asked for a pusher, which was sent, and the train proceeded with the disabled engine. That side could have been disconnected, but was not, and the driving rod became disconnected, and struck the cab, in which plaintiff, who was a brakeman, was riding, and he was injured. *Held* that, the defect having been reported in accordance with the recognized practice, the responsibility of proceeding with the disabled engine, without disconnecting it, was that of defendant, those in charge, whether the dispatcher or the conductor and engineer, being its representatives as master, and that whether reasonable care was exercised in so doing was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 289*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action by a brakeman to recover for an injury received while he was riding in the cab of the engine, whether he was there in violation of a rule which required him to be on top of the cars at the time in the course of his duty, and, if so, whether his being there was contributory negligence, were questions for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Joseph M. Royce against the Delaware, Lackawanna & Western Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

See, also, 180 Fed. 879.

Hatch & Clute (Edward S. Hatch and Vincent P. Donihee, of counsel), for plaintiff in error.

Frederick W. Thomson, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. [1] This is a writ of error to a judgment on a verdict directed by the court in favor of the defendant. 180 Fed. 879. On a former writ we reversed the judgment entered on a verdict of a jury in favor of the plaintiff, because we found no negligence on the defendant's part as master. 176 Fed. 331. It had prescribed reasonable rules, which required conductors to report defects in cars or engines to the superintendent. But the conductor, who was the plaintiff's fellow servant, reported to the chief train dispatcher,

---

asking merely for a pusher to help the train in, which was sent. The chief train dispatcher's duties under the rules concerned only the movement of trains and distribution of cars. Therefore we held that the master, having no notice whatever of the accident en route to an engine which started out after sufficient inspection, was not guilty of any failure of duty to the plaintiff in respect to it. That was the ground of the decision. On this trial, however, the plaintiff proved that the rule requiring such defects to be reported to the superintendent was never observed. It was the practice, on the contrary, to report to the chief train dispatcher, who, by the regular course of business, whether he consulted him or not, acted in the place of the superintendent. Accordingly the situation now is as if the defendant had allowed the engine to start on a trip in a disabled condition, or as if the superintendent himself had done en route exactly what the conductor and engineer did. It was therefore clearly for the jury to say whether letting the disabled engine proceed with the train was reasonable care on the part of the defendant as master or on the part of those who stood in its place. It is no defense that the chief train dispatcher, when acting for the superintendent as alter ego of the master, may have supposed that the engineer had disconnected the disabled side of the engine, because the failure to do so, if negligence, would be the negligence of the defendant as master, and not the negligence of the engineer as the plaintiff's fellow servant.

[2] It is sought to sustain the judgment on the ground that the plaintiff should not have been in the cab of the engine at the time of the accident, but should have been on the top of the cars, as required by rule 17, which reads:

"17. Trainmen must be on top of train going in and out of yards, nearing railroad crossings at grade, drawbridges, water stations, and on descending grades where, if air brakes fail, the engineer may not be able to control the train. Upon heavy ascending grades trainmen must be careful to prevent detached portions from running back, in case of train parting, by prompt application of hand brakes."

It is a matter of dispute whether the train was going into the yard when the accident occurred, and the plaintiff testifies that he was at the time just leaving the cab to go on the cars. These were questions of fact for the jury, and so, to state it most favorably for the defendant, we think it was for them to say whether, if he did fail to obey rule 17, such failure was contributory negligence. The plaintiff's being in the cab at the time of the accident, though a necessary condition of his injuries, had nothing whatever to do with them causally. Rule 17 was not prescribed with reference to the cab as a dangerous place, or for the plaintiff's safety. On the contrary, he had a right to be there, except when rule 17 required him, for purposes in no way connected with the engine or cab, to be on the top of the cars.

The judgment is reversed, with costs.